```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALAN JOHNSON                      :      CIVIL ACTION
                                  :
          v.                      :
                                  :
FAMOUS DAVE'S OF AMERICA          :
INC., et al.                      :      NO. 12-344
```

                          MEMORANDUM

McLaughlin, J.                                        May 9, 2012

      This is a putative class action alleging that three Famous Dave's franchises in Philadelphia, Pennsylvania overcharged customers by imposing an unnecessary 8% sales tax on alcoholic beverages.  The defendants have filed a motion to dismiss or stay the case.  The Court will deny the motion to dismiss but will stay the case.

I.   Facts as Alleged in the Complaint

      The plaintiff brings this suit on behalf of himself and others similarly situated against franchisor Famous Dave's of America and franchisee Pit Masters.  Pit Masters owned three Famous Dave's franchises in Philadelphia, Pennsylvania.  Am. Compl. ¶¶ 11, 17.  The plaintiff alleges that all three franchises improperly imposed an 8% sales tax on alcoholic beverages in addition to the required 10% Philadelphia liquor tax.  Id. ¶¶ 7-8, 10, 14, 16.  The plaintiff contends that he paid the excess 8% in reliance on the defendants' assertion that

it was a tax.[1]  Id. ¶ 40.

The plaintiff alleges a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"), conversion, fraud, and negligence.  Id. ¶¶ 38, 43, 45, 51.  He seeks statutory damages under the CPL in addition to compensatory damages, punitive damages, disgorgement of profits, costs of the action, and an injunction preventing the defendants from overcharging customers.

## II.  Discussion

The defendants argue that this Court should dismiss the suit for lack of subject matter jurisdiction, dismiss it for failure to state a claim, or stay the case so that the plaintiff can pursue an administrative remedy.  Because it is a threshold matter, the Court begins with the defendants' argument under Rule 12(b)(1) that this Court lacks subject matter jurisdiction.  Society Hill Towers Owners' Ass'n v. Rendell, 210 F.3d 168, 175 (3d Cir. 2000).

---

[1] In their motion to dismiss or stay, the defendants admit that the restaurants improperly charged an 8% sales tax when only the 10% liquor tax should have been imposed.  The overcharged amount comprised a 6% tax collected by the Commonwealth of Pennsylvania and an additional amount collected by the City of Philadelphia.  The defendants also assert that the overcharged amount was remitted to the relevant state taxing authorities.

A.  Subject Matter Jurisdiction[2]

The plaintiff asserts jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  The defendants challenge the plaintiff's ability to meet the amount-in-controversy requirement of that law.[3]  Under CAFA, district courts have jurisdiction if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."  § 1332(d)(2).

The plaintiff seeks statutory damages under the Pennsylvania CPL.[4]  Any person who suffers an ascertainable loss

---

[2] In evaluating a motion under 12(b)(1), a court must determine if the defendant is attacking jurisdiction on facial or factual grounds.  In a facial attack, a defendant argues that the pleadings, as a matter of law, fail to establish jurisdiction.  The court "looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff."  United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007).  In a factual attack, the defendant challenges the factual assertions made in the pleadings.  Where a factual attack is made, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  The plaintiff bears the burden of establishing jurisdiction.  United States ex rel. Atkinson, 473 F.3d at 514.

[3] The plaintiff does not allege jurisdiction under any other law, and the other requirements of CAFA are not disputed.

[4] The CPL prohibits "unfair methods of competition" and "unfair or deceptive acts or practices."  73 Pa. Cons. Stat. § 201-2(4), -3.  The plaintiff alleges that the overcharged tax violated three provisions of the CPL: "(ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;" "(ix) Advertising goods or services with intent not to sell them as

of money as a result of a CPL violation can recover "actual damages or one hundred dollars ($100), whichever is greater." 73 Pa. Cons. Stat. § 201-9.2(a). The plaintiff relies upon this statutory damage award of $100 for each class member to reach the amount-in-controversy requirement. The defendants argue that the plaintiff will be unable to certify a class because individual reliance is an element of the plaintiff's CPL claims. And without class members who can collect the statutory remedy, the plaintiff cannot meet the amount-in-controversy requirement.

A plaintiff's claim that alleges a sufficient amount in controversy will be dismissed only when "it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount."[5] Frederico v. Home Depot, 507 F.3d 188, 195-97 (3d Cir. 2007); Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). When "the merits of the case are closely intertwined with the jurisdictional proof," the Court of Appeals has cautioned against prematurely finding against

---

advertised" and "(xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." Id. § 201-2(4).

[5] The defendants cite Morgan v. Gay to argue for a heavier burden on the plaintiff. Morgan did not change the legal standard cited above. The case involved a plaintiff who brought suit in state court and limited the relief sought to avoid federal subject matter jurisdiction. 471 F.3d 469, 474 (3d Cir. 2006). In that situation, the Court of Appeals held that the removing defendant bears the burden of showing "to a legal certainty" that the plaintiff's claim reaches the amount-in-controversy requirement. Id.

jurisdiction.  Gould Elecs., Inc., v. United States, 220 F.3d 169, 178 (3d Cir. 2000).  In such cases, the court must demand "less in the way of jurisdictional proof than would be appropriate at a trial stage."  Id.

In conformity with that principle, courts in the Third Circuit have declined to rule on issues of class certification at the motion to dismiss stage.  See Bell v. Money Res. Corp., No. 08-639, 2009 U.S. Dist. LEXIS 11271, at *10 (E.D. Pa. Feb. 12, 2009); see also Martin v. Ford Motor Co., 765 F. Supp. 2d 673, 680-81 (E.D. Pa. 2011) (collecting cases denying motions to dismiss class actions before a class certification had been filed).  The defendants cite no legal authority where a court dismissed a putative class action for lack of jurisdiction because of questions about possible class certification.  CAFA does not require class certification as a prerequisite to federal jurisdiction.  Bell, 2009 U.S. Dist. LEXIS 11271, at *10.  It is "uncontroversial" that "each class certification motion is different and must be decided on its individual merits."  Id. at *10, *12.

Determining whether the plaintiff must show individual reliance of each class member and how any such requirement could affect class certification is better addressed in a class certification motion.  At this stage, the issues involved in class certification have not been fully briefed by the parties,

nor can the Court determine how it would rule on such a motion. The defendants cite numerous cases for the proposition that a plaintiff must show individual reliance in a suit for deceptive practice under the CPL. See, e.g., Hunt v. United States Tobacco Co., 538 F.3d 217 (3d Cir. 2008); Lewis v. Ford Motor Co., 263 F.R.D. 252, 262 (W.D. Pa. 2009); Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.3d 425, 433 (Pa. 2004). In response, the plaintiff cites cases in which classes have been certified under the CPL, including one in which the court reasoned that questions of individual reliance were outweighed by common questions of fact and law. Markocki v. Old Republic Nat'l Title Ins. Co., 254 F.R.D. 242, 251 (E.D. Pa. 2008). These are arguments properly considered in the context of a motion for class certification, after discovery and briefing for that purpose.

The plaintiff alleges statutory and punitive damages on behalf of a large class. Because the Court cannot resolve a complicated issue of class certification at this stage, and the Court of Appeals has advised courts to demand less proof than required for the substantive issue when jurisdictional issues are intertwined, the Court cannot conclude that there is a legal certainty that the plaintiff will be unable to meet the amount-in-controversy requirement.

B. <u>Failure to State a Claim</u>[6]

The defendants also move to dismiss the plaintiff's claims under 12(b)(6), arguing that the plaintiff fails to state a claim for which relief can be granted. The defendants argue first that they are not prohibited from charging any amount for the sale of alcohol in their restaurants, and second that the claims against Famous Dave's should be dismissed because Famous Dave's did not benefit from the overcharged amount.

Neither argument merits dismissal of the claims. The plaintiff is alleging more than an unwanted premium on the sale of alcohol. He alleges that he paid the additional 8% tax in reliance on the defendants' inaccurate claim that it was a required tax. The defendants' second argument relies upon factual averments not included in the complaint and therefore not appropriate at the motion to dismiss stage. In addition, the plaintiff alleges liability on the part of Famous Dave's for failing to ensure that the franchises used lawful accounting methods, a claim that does not require the defendant to have benefitted from the overcharged amount.

---

[6] In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009). Disregarding any legal conclusions, the court should determine whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." <u>Id.</u>; <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).

C.   Motion to Stay

Finally, the defendants argue that this case should be stayed pursuant to Stoloff, a Pennsylvania Superior Court case holding that before litigation, "any dispute involving the payment of sales tax must first be resolved by the Pennsylvania Revenue Department . . . ." Stoloff v. The Neiman Marcus Grp., Inc., 24 A.3d 366, 368 (Pa. Super. Ct. 2011).

In Stoloff, the plaintiff purchased a dress by phone from a Neiman Marcus catalogue. The company charged her a 6% Pennsylvania sales tax, even though most articles of clothing are not subject to such taxation. Id. at 368 & n.1. She brought a putative class action against the defendant, alleging breach of contract, unjust enrichment, violation of the CPL, and conversion and seeking both damages and injunctive relief. Id. The Superior Court first held that the lower court had jurisdiction over the case, because the requested injunctive remedy could not be obtained from the Department of Revenue. Id. at 373.

The Superior Court also held that the lower court needed to stay the case so the plaintiff could pursue a remedy with the Department of Revenue, which had primary jurisdiction over the tax issue. Because of the agency's expertise in the area, its primary policy role in determining issues of taxation, and the statutory requirements of the internal revenue code, the plaintiff had to petition the Department of Revenue for the

collected tax before resorting to the courts.  Id.

The Pennsylvania Internal Revenue Code says that "the refund or credit of tax, interest or penalty . . . shall be made only where the person who has actually paid the tax files a petition for refund with the department . . . ."  72 Pa. Cons. Stat. § 7253.  Thus, "once a consumer pays the tax," whether "properly or improperly imposed," "that amount effectively becomes Commonwealth property."  Stoloff, 24 A.3d at 372-73. "The Department is thus in the best position to determine whether [the defendant] appropriately taxed the instant consumers . . . . In fact, Section 7253 mandates that the Department cannot authorize a refund of improperly collected taxes unless the taxpayer has filed a petition for refund with the Department." Id. at 373.  The statutory scheme gives primary jurisdiction of tax collection issues to the Department of Revenue.  In order to comply with that legislative determination, the Superior Court ordered the Pennsylvania trial court to "stay the action, then refer the tax-refund issues to the Department if Appellants choose to file the appropriate petition with the Department." Id. at 373-74.

This Court concludes that the facts of Stoloff are on point with this case.  The Court is sympathetic to the plaintiff's argument that this is not a complicated taxation issue requiring agency expertise, and cognizant of the

limitations of the doctrine of primary jurisdiction.  See <u>Elkin v. Bell Tel. Co.</u>, 420 A.2d 371, 377 (Pa. 1980) (cautioning against courts being "too hasty in referring a matter to an agency"); <u>Raritan Baykeeper v. NL Indus., Inc.</u>, 660 F.3d 686 (3d Cir. 2011) (reversing trial court's abstention on grounds of primary jurisdiction).  But the statutory framework of the Pennsylvania internal revenue code is clear.  "[A] taxpayer who has been improperly charged Pennsylvania sales tax must file a petition for refund with the Commonwealth."  <u>Wayne M. Chiurazzi Law Inc. v. MRO Corp.</u>, 27 A.3d 1272, 1282 (Pa. Super. Ct. 2011).  The revenue code provisions "unambiguously dictate that [the plaintiff] must seek a remedy with the Department."  <u>Stoloff</u>, 24 A.3d at 373.  This is true in individual actions and class actions.  <u>Lilian v. Commonwealth</u>, 354 A.2d 250 (Pa. 1976).

  The basis of the plaintiff's claim is an improperly collected tax, and the plaintiff seeks "compensatory damages" under every count in the amended complaint.  As in <u>Stoloff</u>, the fact that the plaintiff also seeks other remedies does not avoid the Department's primary jurisdiction over this the state tax issue.  Not all of the plaintiff's claims can be addressed by the Department of Revenue, including the claims regarding unlawfully collected city taxes, statutory damages, and injunctive relief.  For that reason, this Court retains jurisdiction of the case.  As to the state taxes, however, the Court will follow the dictates

of the Pennsylvania revenue code and <u>Stoloff</u>'s holding that "any dispute involving the payment of sales tax must first be resolved by the Pennsylvania Revenue Department . . . ." <u>Stoloff</u>, 24 A.3d at 367. Therefore, the Court will grant the defendants' motion to stay the case so that the plaintiffs may "file the appropriate petition with the Department." <u>Id.</u> at 373-74.

As discussed at oral argument, if the parties would like to pursue settlement, the Court can refer the case to Magistrate Judge Elizabeth T. Hey. The parties shall inform the Court if they believe such a referral would be beneficial.

An appropriate order shall issue.