## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN JOHNSON, for himself and all others similarly situated, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 12 – 0344 (MAM) (ETH) |
| | : | |
| FAMOUS DAVE'S OF AMERICA, INC. | : | JURY TRIAL DEMANDED |
| | : | |
| and | : | |
| | : | |
| PIT MASTERS, LLC, | : | |
| | : | CLASS ACTION |
| Defendants. | : | |
| | : | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS AND PROVIDING FOR NOTICE

WHEREAS, a proposed consumer class action is pending before this Court styled *Johnson v. Famous Dave's of America, Inc.*, 12 – 0344 (MAM) (E.D. Pa. 2012) (the "Litigation");

WHEREAS, the parties having jointly made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Class Action Settlement Stipulation and Agreement dated as of September 13, 2012 (the "Agreement"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed class action settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits annexed thereto; and

WHEREAS the parties have stipulated to the certification of a class as defined below for settlement purposes only;

- 1 -

WHEREAS all defined terms herein have the same meanings as set forth in the Agreement; and

WHEREAS this Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law; and good cause appearing.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court hereby preliminarily approves the Agreement and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.   All definitions set out in the Agreement are incorporated herein,

2.      The Court further finds, on a preliminary basis and for settlement purposes only that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied.  The court therefore conditionally certifies a class of Settlement Class Members ("Class") as follows: all persons who between January 23, 2006 and January 23, 2012 purchased and paid for an alcoholic beverage at any Famous Dave's restaurant owned by Pit Masters, LLC ("Pit Masters"), located in Philadelphia County.

3.      The Court finds that the requirements of Fed.  R. Civ.  P. 23(a) are satisfied for settlement purposes only, as follows:

(a)      Pursuant to Fed.  R. Civ. P. 23(a)(1), the members of the Class are so numerous that joinder of all members is impracticable.

(b)      Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that, in the context of settlement, there are common issues of law and fact as follows:

(i)      whether the terms of the proposed settlement are fair, adequate, and reasonable;

        (ii)      Whether Pit Masters-owned Famous Dave's restaurants in Philadelphia overcharged customers an amount in excess of the Philadelphia Liquor tax on restaurant and bar sales of alcohol beverages and cocktails;

        (iii)     Whether Pit Masters negligently or unintentionally misstated to Famous Dave's restaurant customers in Philadelphia the amount of sales tax due on drinks and cocktails they purchased;

        (iv)     Whether Pit Masters remitted all overcharged taxes due on alcohol beverages and cocktails to the appropriate departments of revenue;

        (v)      Whether Pit Masters violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law;

        (vi)     The amount and the disposition of the overcharges;

        (vii)    Whether Pit Masters' conduct, as claimed herein, injured members of the Class and whether they have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be provided.

        (c)      Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Class Representatives (as defined below) are typical of the claims of the Class.

        (d)      Pursuant to Fed. R. Civ. P. 23(a)(4), in the context of settlement, the proposed Class Representative, Alan Johnson, will fairly and adequately protect and represent the interests of all members of the Class, and the interests of the Class Representatives is not antagonistic to those of the Class.  The Class Representative is represented by counsel, Cohen Placitella & Roth P.C., who is experienced and competent in the prosecution of consumer and other class action litigation.

4.      The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the putative Class and hereby appoints Cohen Placitella & Roth P.C. Class Counsel.

5.      The Court hereby preliminarily approves Alan Johnson as Class Representative.

6.      A hearing (the "Settlement Hearing") shall be held before this Court on February 19, 2013, at 9:30 a.m., at the United States District Courthouse for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106 to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Class should be finally certified; whether a Judgment as provided in the Agreement should be entered; whether the proposed reimbursements, Compensation Certificates and Cy Pres Charitable Donation should be approved as fair, reasonable and adequate consideration for the Class Members' release of the Class Action Claims under the settlement; and to determine any amount of fees and expenses that should be awarded to Class Counsel and any service award to the Class Representative for his representation of the Class.

7.      The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Summary Notice (the "Summary Notice"), and the Point of Sale Summary Notice (the "POS Notice") annexed hereto as Exhibits A-1, A-2, and A-3 respectively (collectively referred to as "Class Notices"). The Court further approves the form, and substance of the proposed Proof of Claim Form for Class Members desiring reimbursement of their overcharge (the "POC") annexed hereto as Exhibits A-4.  The Class Notices and POC forms shall be modified to conform to this Order.

8.      The Court further finds that the form, content and mailing of the Notice, the publishing of the Summary Notice and the posting of the Agreement, the Notice and the POC on the internet meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Valley Forge Administrative Services, Inc., One Aldwyn Center, 3rd Floor, Villanova, PA 19085 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than November 1, 2012 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice, POC and Summary Notice, conformed to this Order posted on the internet at www.caterfamousdaves.com.  The Class Notices and POC shall remain posted and available on this website throughout the time, at least, that class members may elect to submit an opt-out or a POC to the Claims Administrator;

(b)      On the Notice Date the Claims administrator shall cause a copy of the Notice of Settlement conformed to this Order to be emailed to all Class Members who can be identified from Defendants' customer records with reasonable effort, and

(c)      Not later than November 11, 2012, the Claims Administrator shall cause the Summary Notice to be published once in the *Philadelphia Inquirer*;

(d)      Not later than November 11, 2012 the Defendant Pit Masters shall cause the POS Notice to be placed at or near the cash registers and reception stand of the Pit Masters-owned Famous Dave's franchises at 2000 South Christopher Columbus Blvd., Philadelphia, PA 19148, and 9763 Roosevelt Blvd., Philadelphia, PA 19114. The POS Notices

shall remain posted throughout the time, at least, that class members may elect to submit an opt-out or a POC to the Claims Administrator;

(e)     Not later than February 5, 2013, Defense Counsel shall serve on Class Counsel and file with the Court proof, by affidavit or declaration of Notice, of such mailing, publications and postings.

10.     All fees, costs, and expenses incurred by the Claims Administrator relating to notice to the class and administering the settlement shall be paid solely by Defendants.

11.     Class Members who wish to apply for a reimbursement of their overcharge and a Compensation Certificate under the Agreement shall sign and return a POC in accordance with the instructions contained therein.   Unless the Court orders otherwise, all POCs must be submitted to the Claims Administrator no later than January 30, 2013.   Any Class Member who does not timely submit a POC within the time provided shall be barred from receiving reimbursement and a Compensation Certificate, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.

12.     Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.   If they do not enter an appearance, they will be represented by Class Counsel.

13.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.   Any such Person must submit by U.S. Mail, postage prepaid, to the Claims Administrator a written request for exclusion ("Request for Exclusion"), postmarked no later than January 21, 2013.   A Request for Exclusion must be signed and state the name, address, and telephone number of the Person requesting exclusion, and state reasonably clearly in effect that the Person wishes to be excluded from, not be a member of, or

not participate in the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Agreement, shall not share in the settlement, and shall not be bound by the Agreement or any Final Judgment.

14.    The Claims Administrator shall cause to be provided to Class Counsel copies of all Requests for Exclusion as expeditiously as possible, and in any event no later than February 4, 2013 (15) days prior to the Settlement Hearing.

15.    Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why attorneys' fees and expenses should not be awarded to Class Counsel or why a Service Award fee should not be paid to Class Representative for his representation of the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or any attorneys' fees and expenses to be awarded to Class Counsel, or any service fee awarded to the Class Representative unless written objections and copies of any papers and briefs are received by Matthew T. Stone, Cohen, Placitella & Roth, P.C., Two Commerce Square, Suite 2900, Philadelphia, PA  19103; or, Lee A. Rosengard, Stradley Ronon Stevens And Young, LLC, 2005 Market Street, Suite 2600 Philadelphia, PA 19103, on or before January 21, 2013; and said objections, papers and briefs are filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania, on or before January 21, 2013.  Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the

proposed settlement as incorporated in the Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of a Service Award fee to Class Representative for his representation of the Class, unless otherwise ordered by the Court.

16.     All papers in support of the settlement, Plan of Allocation and any application by Class Counsel for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶15 and any reply papers shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

17.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Agreement.  In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Class Representative nor any of his counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2 of the Agreement.

18.     Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of any liability in this Litigation.

19.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

20.     Pending final determination of whether the Settlement should be approved, the Class Representative, all Class Members, and anyone who purports to act on their behalf, shall

not institute, commence, or prosecute any action that asserts Released Claims against any Released Person.

21.     All proceedings in this Litigation are stayed until further Order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

22.     If (a) the Agreement is terminated by Plaintiff as provided in ¶5 of the Agreement; or (b) any specified term or condition of the Settlement as set forth in the Agreement is not satisfied and Class Counsel or Defendants elect to terminate the Settlement as provided in the Agreement, then, in any such event, this Order may not be introduced as evidence or referred to in any actions or proceedings by any Person or entity, and each party shall be restored to his, her or its respective position in this Litigation as it existed as of August 21, 2012.

23.     The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.


IT IS SO ORDERED


DATED: October 22, 2012                    /s/ Mary A. McLaughlin_____
                                           THE HONORABLE MARY A. MCLAUGHLIN
                                           UNITED STATES DISTRICT JUDGE