```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALAN JOHNSON, for himself    :    CIVIL ACTION
and all others similarly     :
situated                     :
        v.                   :
                             :
FAMOUS DAVE'S OF AMERICA,    :
INC., et al.                 :    NO. 12-344
```

ORDER

AND NOW, this 7th day of March, 2013, upon consideration of the plaintiff's Motion to Finally Approve the Class Action Settlement(Docket No. 34), the plaintiff's supplemental memorandum addressing the In re Baby Products Antitrust Litigation ("Baby Products"), No. 12-1165, 2013 WL 599662 (3d Cir. Feb. 19, 2013) opinion from the United States Court of Appeals for the Third Circuit (Docket No. 39), and after a fairness hearing held on February 19, 2013, IT IS HEREBY ORDERED that the motion is DENIED.

Traditionally, the Court analyzes a class action settlement using the nine factors laid out in Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975) as well as the prudential considerations described in In re Prudential Insurance Co. of America Sales Practices Litigation, 148 F.3d 282 (3d Cir. 1998).

In Baby Products, the Third Circuit recognized that cy pres provisions are permissible in class action settlements, but

1

added that the "degree of direct benefit provided to the class" must be considered along with the traditional factors used to evaluate class action settlements.  Baby Products at *5.

In light of the additional Baby Products factor, the Court cannot approve the proposed settlement in this case.

Here, the plaintiff brought a class action on behalf of consumers who were erroneously charged a higher tax rate on the purchase of alcoholic beverages from the defendants between January 23, 2006 and January 23, 2012.  Under the proposed settlement, class members would be able to receive a full refund of the amount they were overcharged in taxes as well as a coupon for five dollars redeemable at the defendants' establishments, if the class member was able to produce a restaurant tab showing the purchase of an alcoholic beverage from the defendant during the relevant time period.

The cash payments to the class members would be made out of a settlement fund of $57,500; the residual amount of the fund would be distributed to charities according to cy pres provisions in the settlement agreement.

A separate settlement fund of $50,000 was created for the payment of plaintiff's attorney's fees; any residual amount from this fund would pour over and be added to the cy pres awards distributed to charities.

At the fairness hearing, counsel for the plaintiff

reported that no valid claims were submitted by members of the class.  Accordingly, under the proposed settlement, the distribution of the settlement funds would go entirely to the cy pres charities after providing for plaintiff's attorney's fees.  No money would go to compensate members of the class, with the exception of a proposed class representative award for Mr. Johnson.

Under Baby Products, when evaluating a class action settlement the "Court must determine whether the compromises reflected in the settlement—including those terms relating to the allocation of settlement funds—are fair, reasonable, and adequate when considered from the perspective of the class as a whole." Baby Products at *5.

From the perspective of the class as a whole, an allocation of settlement funds that goes entirely to attorney's fees and to charities that support worthy causes but have little to no connection to the nature of the class action, cannot be considered fair, reasonable, and adequate.

The plaintiff raised three theories for why the settlement could still be approved under Baby Products, none of which is persuasive.

The plaintiff argues that unlike in Baby Products, there were no objections filed to the settlement.  However, the Court has an independent responsibility to evaluate the fairness

of a class action settlement even if no objections are filed.

The plaintiff next argues that this case is distinguishable from Baby Products because in Baby Products, the Third Circuit remanded the case because the District Court approved the settlement without having the factual basis of how the settlement funds would be actually allocated.  In contrast, the Court here knows exactly how the settlement funds would be allocated because the results of the claims process was disclosed at the fairness hearing.  That distinction is accurate, but the facts regarding the allocation of funds in this case, namely that no valid claims were received from the class and therefore no money will be paid as a direct benefit to the class, present the greatest possible problem for settlement approval with respect to the Baby Products factor.

Finally, the plaintiff argues that this is a small claim settlement where the potential reward for individual class members was insufficient to motivate class members to file a claim, and therefore, a cy pres award of the entire settlement fund is appropriate.  The Court is not persuaded by this argument because it easily could have been that class members did not come forward because they lacked the documentary proof required to submit a valid claim.

In the Baby Products case itself, the proposed settlement provided a $5 award to claimants who could not provide

4

any documentary proof of purchase, and the Third Circuit still reversed the settlement approval and remanded the case, noting that the parties may wish to alter the settlement terms by increasing the $5 payment or lowering the evidentiary bar to receiving a higher award.  Baby Products at *7.

Here, the Court is sympathetic to concerns about fraud and the difficulty of identifying the class members, but given the result that not a single class member was able to file a valid claim, it appears that requiring class members to produce documentary proof showing the purchase of an alcoholic beverage during the class period in order to receive any compensation was not a workable way of crafting the settlement terms.

In sum, the Court concludes that the settlement is not fair and reasonable from the perspective of the class as a whole and the plaintiff's Motion to Finally Approve the Class Action Settlement is denied.

BY THE COURT:

/s/ Mary A. McLaughlin

MARY A. McLAUGHLIN, J.